**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> APPROXIMATELY $18,289.25 IN U.S. ) <br> CURRENCY SEIZED FROM WELLS FARGO ) <br> BANK ACCOUNT NUMBER 6656258958, ) <br> HELD IN THE NAME OF WONG ) <br> CORPORATION DBA W. FOOD AND ) <br> LIQUOR, ) <br> ) <br> Defendants. ) <br> ) <br>_____ ) | 1:09-cv-1788 OWW SMS <br><br> SCHEDULING CONFERENCE <br> ORDER/ORDER TO SHOW CAUSE <br><br> Order to Show Cause Hearing <br> Date: 3/29/10 10:00 Ctrm. 3 <br><br> Further Scheduling <br> Conference Date: 3/29/10 <br> 10:00 Ctrm. 3 |

I. Date of Scheduling Conference.

February 25, 2010.

II. Appearances Of Counsel.

Deanna L. Martinez, Esq., Assistant United States Attorney, appeared on behalf of Plaintiff.

There was no appearance by the claimant.

III. Order to Show Cause.

1. Wong Corporation dba W. Food and Liquor and Allan Wong shall show cause, if any they have, why their default should not be entered in this case and their claim to the disputed property

1

foreclosed, on March 29, 2010, at 10:00 a.m. in Courtroom 3 on the Seventh Floor.

IV.  Summary of Pleadings.

1.  This is an *in rem* civil forfeiture action.  In its Verified Complaint for Forfeiture *In Rem*, the government alleges that the Defendant in this action is described as Approximately $18,289.25 in U.S. Currency seized from Wells Fargo Bank Account Number 6656258958, held in the name of Wong Corporation dba W. Food and Liquor, (hereafter "Defendant funds") and are subject to forfeiture to the United States pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2) for violations of 31 U.S.C. § 5324(a)(1) and 31 U.S.C. § 5324(a)(3).

2.  On October 16, 2009, the Defendant funds were arrested pursuant to the Warrant for Arrest of Articles *In Rem* issued by the United States District Court Clerk.  The action was published beginning October 23, 2009, on the official government website www.forfeiture.gov pursuant to the Order of Publication filed October 22, 2009.  The Declaration of Publication was filed on December 1, 2009.

3.  On November 3, 2009, copies of the Complaint, Application and Order for Publication, Warrant for Arrest, Order Setting Mandatory Scheduling Conference, Standing Order in All Civil Cases Assigned to U.S. District Judge Wanger, Notice of Availability of Magistrate Judge, Notice of Availability of Voluntary Dispute Resolution, and letter dated October 14, 2009, were personally served upon Allan Wong.  On November 17, 2009, Allan Wong filed an Answer/Objection to the Complaint.

4.  As of the date of the filing of this report, no other

potential claimants have filed claims or answers, or otherwise appeared in this action.

5. On February 12, 2010, the government mailed out a proposed Joint Scheduling Report to Allan Wong. As of today's date, the government has yet to receive any communication from Mr. Wong and cannot predict his participation at the February 25, 2010, Scheduling Conference.

V. Orders Re Amendments To Pleadings.

1. The parties do not anticipate amending the pleadings at this time.

VI. Factual Summary.

A. Admitted Facts Which Are Deemed Proven Without Further Proceedings.

1. It is uncontested that the Defendant funds were seized on or about May 28, 2009.

B. Contested Facts.

1. Plaintiff contends the facts are as alleged in its Verified Complaint.

VII. Legal Issues.

A. Uncontested.

1. Jurisdiction exists under 28 U.S.C. §§ 1334 and 1355 and 21 U.S.C. § 881.

2. Venue is proper under 28 U.S.C. § 1395.

3. The applicable law is the law of the United States.

B. Contested.

1. All remaining legal issues are disputed.

///

VIII. Consent to Magistrate Judge Jurisdiction.

    1. The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

IX. Corporate Identification Statement.

    1. Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities. A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

X. Further Scheduling Conference.

    1. No party has appeared to assert a claim with the exception of the Wong interests. In the event that Mr. Wong shows cause and the case continues, a further Scheduling Conference shall be held March 29, 2010. In the event that the Wong interests fail to show cause, the government is instructed to make application for request to enter default and to proceed to judgment in this matter.

IT IS SO ORDERED.

Dated:   February 25, 2010                /s/ Oliver W. Wanger
                                                  UNITED STATES DISTRICT JUDGE